480 So.2d 425 (1985)
Alfred ABADIE
v.
DEPARTMENT OF STREETS.
No. CA 3651.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Writ Denied February 7, 1986.
*426 James E. Swayngim, Linda Helveston, On behalf of New Orleans Legal Assistance Corp., New Orleans, for appellant.
George A. Blair, III, Asst. City Atty., New Orleans, for appellee.
Before BARRY, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
Alfred Abadie appeals the decision of the Civil Service Commission upholding disciplinary actions taken against him, including his dismissal from employment, by the City of New Orleans, Department of Streets. We affirm.
After each instance of discipline Mr. Abadie appealed the action taken against him to the Commission. The Commission assigned each appeal to a hearing examiner. Ultimately all of the appeals were consolidated, and a single hearing was conducted.
A record of the proceedings was compiled, including a transcript of the hearing. Three members of the Commission reviewed this record and rendered a unanimous opinion upholding all disciplinary actions taken against Mr. Abadie. Mr. Abadie's appeal of the decision of the Commission now places the record before this court for review.
The decision of this court is based upon an independent review of the record to determine whether the conclusion reached by the Commission is arbitrary or capricious or manifestly wrong. Bosarge v. New Orleans Street Department, 459 So.2d 693 (La.App. 4th Cir.1984); McGee v. Sewerage and Water Board of New Orleans, 396 So.2d 430 (La.App. 4th Cir.1981); Merchant v. Department of Finance, 391 So.2d 587 (La.App. 4th Cir.1980).
In his brief to this court Mr. Abadie argues that at the hearing the Department did not carry its burden of proof. He argues further that the Commission should have found the severity of the discipline to be unwarranted, and should not have allowed prior disciplinary actions to supply the basis for dismissal from employment. Lastly he argues that the hearing examiner erred by excluding evidence of the conduct of co-employees alleged to have been similar to the conduct for which Mr. Abadie was disciplined, but for which the co-employees were not disciplined.
The facts as stated by the Commission in its opinion accurately reflect the evidence contained in the record.
*427 The appellant was first docked 32 hours leave without pay in a letter dated March 7 (Case No. 2386). On March 20 he was again charged leave without pay for 12 additional hours (Case No. 2387). Again, on April 3 he was docked twenty (20) hours (Case No. 2416). By letter of May 4 he was docked five (5) hours and dismissed effective May 3 (Case No. 2438). Each of the disciplinary actions was the result of Mr. Abadie failing to be on the job.
The appellant had been with the City since 1978, apparently without any problems until early 1984. It appears that greater leniency was allowed in terms of "breaks" prior to 1984.
The appellant testified that it was his understanding when he took the job with the Streets Department, that when it was raining or if there was no work to be done, he could leave his job site. This is denied by Mr. Jose Gonzalez, the man who originally interviewed him and Mr. Jerry Morrison, an Administrative Analyst with the department.
The supervisor who recommended disciplinary action against the appellant was Mr. Clark Howard. His duty was to check the appellant on his job site. He testified that when he failed to find him there, he docked his pay (appeals 2386, 2387, and 2416).
The appellant admits that on various occasions he was away from his job site. He persisted in this practice even after receiving a March 7 "warning". This letter is clear-cut. It reads in part:
You are additionally warned that you must appear on the jobsite each scheduled work day at the appointed time (you are scheduled to work the hours of the contractor) and remain there until such time as the contractor ceases his activities, or your supervisor advises that you may leave, excluding of course your scheduled lunch break. Even if the contractor fails to appear, you must stay at the jobsite until released or reassigned by your supervisor. Unauthorized absences from the jobsite will subject you to more stringent disciplinary action, including possible dismissal from employment.
In spite of this letter, the appellant continued to leave his job site until his termination on May 3, 1983, almost two months later.
At the hearing the Department had the burden to prove legal cause for the disciplinary actions taken. La. Const. of 1974 Art. X Sec. 8(A). Legal cause for disciplinary action exists if the facts found by the Commission disclose that the conduct of the employee impairs the efficiency of the public service. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir. 1982). Mr. Abadie's job involved being present on the job sites to which his supervisor assigned him. Mr. Abadie's persistent refusal to appear and remain on his assigned job site until released or reassigned by his supervisor impaired the efficiency of the Department. The Department carried its burden of proving legal cause for disciplinary action.
Initially the Department disciplined Mr. Abadie by withholding his pay for a day or half-day whenever his supervisor could not verify his presence on his assigned job site. By letters which Mr. Abadie admitted he received, the Department set out what was expected of Mr. Abadie and warned that his refusal to satisfy those expectations could result in his dismissal from employment. The expectations of the Department were reasonable and were designed to promote the efficiency of the Department. Mr. Abadie, however, refused to even attempt to satisfy those expectations. Ultimately he was dismissed from employment.
Dismissal from permanent employment is obviously the most extreme form of disciplinary action that can be taken against a classified employee. Cause that may justify some other lesser form of disciplinary action may not justify a dismissal. Repeated improper conduct after lesser disciplinary action has been taken, the totality of individual lesser offenses, or even a single *428 particularly aggravated incident have all been found to constitute legal cause for dismissal. See Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir.1981), and the cases cited therein at p. 1126.
Withholding pay for times when Mr. Abadie could not be located on his assigned job site was an appropriate lesser form of disciplinary action. Dismissal following repetitions of the improper conduct about which Mr. Abadie had been warned was also appropriate disciplinary action. The Commission did not err by not reducing the severity of the disciplinary actions. And the Commission correctly considered the prior instances of disciplinary actions as a basis for the final action of dismissal from employment.
Mr. Abadie lastly specified as error the hearing examiner's refusal to admit evidence of the absence of any disciplinary actions being taken against some of Mr. Abadie's co-employees allegedly guilty of similar improper conduct. Mr. Abadie wished to offer this evidence to support a claim that he was a victim of impermissible discrimination. He apparently hoped to establish that his behavior was not atypical, and that similar behavior by other employees went undisciplined because such behavior was not considered improper.
The opinion of the Commission does not indicate whether the Commission considered the hearing examiner's ruling that the evidence was inadmissable or whether the Commission reviewed that evidence proffered by Mr. Abadie. Without deciding the correctness of the hearing examiner's ruling we have reviewed the proffered evidence. The proffered evidence amounts to Mr. Abadie's uncorroborated recollection of an instance when two fellow employees left him on a job site while they unauthorizedly went three-quarters of a mile down the street to a store to read magazines. Mr. Abadie also made vague reference to one other incident on which he did not elaborate. This evidence does not support any claim that Mr. Abadie was impermissibly discriminated against.
For the foregoing reasons the ruling of the Civil Service Commission upholding all disciplinary actions taken against Mr. Abadie by the City of New Orleans, Department of Streets is affirmed.
AFFIRMED.