WARD, Judge.
Dwight P. Jackson was suspended without pay for two weeks and then dismissed from his position as a Utilities Plant Worker I for the New Orleans Sewerage and Water Board. He was notified of the disciplinary action by a letter from the Executive Director of the Board stating that the dismissal was based upon “continued unsatisfactory attendance record, despite the previous warnings and suspensions.... ” Jackson appealed to the Civil Service Commission which revoked the suspension and dismissal and reinstated him with back pay and benefits. The Sewerage and Water Board now appeals the Commission’s ruling. We affirm.
The letter notifying Jackson of his suspension and dismissal stated that during the three years he had worked for the Board he had been reprimanded once and placed on suspension three times — all for attendance problems. The letter then stated that since the last suspension, Jackson had been placed on “no pay status” at least three times — for failing to report a reason for his absence on April 3, 1985 and for tardiness on two other occasions.
At the Commission hearing, Jackson testified without contradiction that he had called in sick on April 3, 1985, and he introduced into evidence a medical report to the Board in which his doctor noted that he had examined Jackson on that date. Jackson further testified that he called in to report that he would be late on one of the days for which he was placed on no pay status and that he was given until 3:30 to report to his post and that he had arrived for duty at 3:20.
' In its decision, the Civil Service Commission found that Jackson
has apparently suffered from poor health in recent years. Despite this fact, he has worked a considerable amount of overtime. This overtime work occasionally accounted for his tardiness on his own shift or aggravated his health problems which in turn affected his attendance record.
The Commission concluded:
Since the appointing authority is seeking to justify this disciplinary action on the basis of appellant’s record since his last suspension, we cannot conclude that any disciplinary action is in order. Appellant must be careful to avoid further *636 attendance problems, but those he has experienced since his last suspension cannot be the basis for this action.
We agree with the Commission’s assessment of the facts and law.
In its appeal, the Sewerage and Water Board contends that it proved that Jackson’s persistent attendance problems justified his dismissal. Although repeated improper conduct after disciplinary action has been taken, or the totality of individual offenses, or even a single particularly aggravated incident have all been found to constitute legal cause for dismissal, Abadie v. Department of Streets, 480 So.2d 425 (La.App. 4th Cir.1985), McGee v. Sewerage & Water Board, 396 So.2d 430 (La.App. 4th Cir.1981), prior disciplinary actions, standing alone, cannot serve as the sole basis for further disciplinary measures. Hamlett v. Division of Mental Health, 325 So.2d 696 (La.App. 1st Cir.1976).
The Sewerage and Water Board suspended Jackson without pay three times. Following the last suspension, he was absent once and tardy two times. The Commission made a finding of fact exonerating Jackson of misconduct in connection with the new incidents for which he was being disciplined. We cannot say that the Commission’s factual finding is clearly wrong. Since the Commission found that Jackson was not responsible for any new misconduct, his dismissal would be based solely upon the prior disciplinary action. This the Board cannot do. Accordingly, we agree with the Commission’s conclusion that the Board failed to justify Jackson’s dismissal.
The record presented in this case of Jackson’s persistent attendance problems, which undoubtedly have interfered with the functioning of his department, prompts us to point out that repeated infractions by an employee may justify dismissal. See, for example, McGee, supra. Hence, Jackson’s prior infractions — even those which have been the subject of disciplinary action— may be used in the future, if Jackson again commits infractions which justify disciplinary action, including dismissal.
AFFIRMED.