517 So.2d 318 (1987)
Regina FISHER
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, OFFICE OF HUMAN DEVELOPMENT.
No. CA 86 1189, CA 86 1190.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Paul A. Bonin, Levenson & Bonin, New Orleans, for appellant.
Joan Hunt, Staff Atty., Dept. of Health and Human Resources, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Baton Rouge, for Herbert L. Sumrall.
Before LANIER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This is an appeal from a decision by the State Civil Service Commission upholding appellant's suspension from work, without pay, for a period of three days.

FACTS
Regina Fisher is a permanent, classified employee of the State of Louisiana. In March of 1985, she was the supervisor of the Adoption Petitions Unit for a regional office for the Department of Health and Human Resources (hereafter DHHR). At that time she had an unblemished record of service to the state in that position for over fifteen years and an unblemished work record in the employ of the state for a period exceeding thirty years.
In March, 1985, the appellant received a telephone call from a deputy clerk of court requesting that the DHHR execute a La. R.S. 9:428 waiver of time delays in a pending adoption case. La.R.S. 9:427 et seq. requires that a hearing be held within thirty to sixty days after service of the adoption *319 petition. The DHHR is required to prepare a confidential investigatory report for the court's use in the adoption proceeding. A waiver of time limits would allow the court to start the adoption process in as little time as fifteen days and would have limited the DHHR's investigation to that time limit.
The appellant had previously received and declined the request for a waiver of time delays from the attorney representing the adoptive parents.
The adoption in question involved a voluntary surrender of an infant by the natural mother for a private adoption. The natural mother had almost immediately changed her mind. The appellant was reluctant to execute the waiver because she believed that use of the waiver would speed up the adoptive process before the natural mother could obtain qualified legal counsel and cut off the natural mother's due process right to revoke the surrender. There were also allegations of baby selling.
The appellant also questioned the use of the La.R.S. 9:428 waiver in this situation because its use had previously been restricted to emergency situations, such as by a stepparent in the armed services who desired to adopt before going overseas. La.R.S. 9:428 was enacted in 1948 and appellant was unsure of its application to a voluntary surrender private adoption, since this is a fairly recent change in the law, and appellant was not aware of any such use of the waiver. She expressed fear that the use of the waiver in this manner might subject both the state and her personally to liability. She requested permission to contact the legal department for the DHHR to get an opinion on this matter. May Nelson, Acting Regional Director of the office in which appellant worked, refused this request and later called two of the agency's non-attorney adoption specialists and requested an opinion as to the legality of application of the waiver to a voluntary surrender private adoption. The specialists informed Ms. Nelson that from a reading of the statute they foresaw no problems. The specialists were not informed of the specific facts or problems of the instant case.
On March 19, 1985, Donald Ream, in the absence of his immediate supervisor, Ms. Nelson, ordered the appellant to execute the waiver. On March 20, 1985, Ms. Nelson received an order from her superior to get the waiver executed. Her superior admitted that the DHHR was receiving pressure to execute the waiver from private, non-judicial sources. On March 20, 1985, Ms. Nelson ordered Stephen Volkel to order the appellant, Regina Fisher, to execute the waiver. At this time Ms. Nelson did not know of the allegations of baby selling or anything else factually about the case except what Regina Fisher had told her of the natural mother's desire to revoke the voluntary surrender. Ms. Nelson felt that the DHHR's sole inquiry should be whether they could prepare the report in the shortened time frame.
The appellant refused to execute the waiver but informed Mr. Volkel and Ms. Nelson that they had the authority to sign the waiver in their own capacity. Shortly thereafter the appellant became ill and left work. On March 21, 1985, Stephen Volkel executed the waiver and signed Regina Fisher's name to it, in her absence, without her permission.
Regina Fisher was given a three day suspension, without pay for failure to execute the waiver as ordered. She appealed to the Civil Service Commission and a referee heard the case. The referee found that the appointing authority had failed to meet its burden of proving that cause existed for the disciplinary action and rendered a decision and remedial award favoring the appellant. The DHHR appealed to the Civil Service Commission and they reversed the decision of the referee and affirmed the suspension of the appellant.
The issue for review is whether the appointing authority proved that cause existed for the disciplinary action.

IMPAIRMENT OF THE EFFICIENCY OF THE PUBLIC SERVICE
"No person who has gained permanent status in the classified state or city service *320 shall be subjected to disciplinary action except for cause expressed in writing." La. Const. art. 10 § 8(A). Civil Service Rule 12:2(a) also requires the appointing authority to furnish the employee with detailed written reasons for a suspension. The purpose of this rule is to apprise the employee, in detail, of the charges and to limit any subsequent proceedings to the stated reasons. Department of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1 Cir). cert. denied, 406 So.2d 626 (La.1981).
Legal cause exists for disciplinary action against a permanent, classified civil service employee whenever that employee's conduct impairs the efficiency of the public service in which the employee is engaged. Thornton v. DHHR, 394 So.2d 1269 (La. App. 1 Cir.1981). The appointing authority bears the burden of proof to show by a preponderance of the evidence that the employee's conduct did, in fact, impair the efficient and orderly operation of the public service. Thornton, 394 So.2d at 1271.
Civil Service Commission decisions are subject to review on both questions of law and fact. La. Const. art. X § 12. The standard of review of the Commission's conclusion as to the existence or absence of cause for dismissal or suspension of a permanent status employee, is whether the decision is arbitrary, capricious, or an abuse of the commission's discretion. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984). After an independent review, we conclude that the decision by the referee was correct and find that the reversal by the commission was an abuse of discretion.
The commission felt that since the waiver could have been filed before service of the adoption petition, the appellant's refusal to execute the waiver delayed the proceeding and consequently impaired the efficiency of the service of the DHHR. The issue is not whether the waiver could have been filed prior to service on DHHR, but whether the appointing authority proved that the filing of the waiver at the time appellant was ordered to sign it could have had any effect on the adoption proceedings. The evidence does not support this conclusion.
Ms. Nelson testified that standard procedure was to file the waiver after service of the adoption petition on the DHHR had been effected. Ms. Nelson had ordered that the instant waiver follow the standard procedure. The actual date service was effected on the DHHR was not established at the hearing, but it was established that it occurred after the waiver had been prepared and signed by Stephen Volkel. No evidence was presented of a delay in scheduling the hearing caused by the appellant's refusal to execute the waiver. However, there was evidence that, prior to receipt of the waiver, the court had abandoned its request for the waiver due to a change in strategy of the requesting attorney. The appellant's supervisors admitted that they did not make any contact with the court or the parties involved in the adoption proceeding.
The appellee cites Ferguson v. Department of Health and Human Resources, Office of Management and Finance, 451 So.2d 165 (La.App. 1 Cir.1984) for the proposition that the failure to obey a direct order is an action which by its very nature impairs the efficient operation of the public service. In Ferguson the employee against whom disciplinary measures had been taken had a history of abuse of the sick leave policy. As a result of the sick leave abuse, he had been ordered to report directly to his supervisor whenever he was going to be absent. He remained off work for almost three weeks communicating with a receptionist but not directly with his supervisor. During this period of absence, he took the CPA examination. He then attempted to recover under the sick leave policy without the necessary medical certification of illness. In addition, the employee's attitude was hostile and uncooperative.
The order given and disobeyed in Ferguson did have a direct impairment to efficient operation of the services in which the employee was employed because it was related to and had a direct bearing on the ability of the particular public service to carry out its function. The direct and tangential *321 effects of unauthorized absence from work and abuse of the sick leave policy on the efficient operations of services are readily apparent. The evidence does not show that disobedience of the order in the present case affected the DHHR in performing its function. Prior to the execution of the order, the court abandoned its request for the waiver. This made filing of the waiver a moot point. Consequently, there is no showing that the order to sign the waiver had the practical effect of doing anything other than to test the ability of appellant's supervisor to force her compliance with an order with which they knew she did not want to comply. Even under Ferguson, the order itself must have some relationship to the operation of the service in order for failure to comply, by its nature, to affect the efficient operation of public service. Factually, the appellant's conduct cannot be reasonably compared to that of the employee in Ferguson.
Since the evidence does not show that the order appellant refused to execute impaired the efficient and orderly services of the DHHR, we must reverse the decision of the Civil Service Commission and reinstate the decision and remedial awards as found by the referee.
Since we have found grounds to reverse, we need not address the other issues presented for review.
The decision of the Civil Service Commission is reversed and the decision of the referee is reinstated in its entirety. Costs of this appeal in the amount of $936.00 are assessed against the Department of Health and Human Resources.
REVERSED AND RENDERED.