544 So.2d 1289 (1989)
Samuel NEUSTADTER
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS.
No. 88-CA-2402.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1989.
*1290 Gerald M. Victor, New Orleans, for defendant-appellant.
Before BARRY, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
The Sewerage and Water Board of New Orleans (the "Board") appeals a decision of the New Orleans Civil Service Commission mitigating the disciplinary action taken by the Board against one of its employees. We reverse the decision of the Commission and uphold the original action of the Sewerage and Water Board.
Our review of the Commission's hearing reveals the following facts. Samuel Neustadter is a classified employee of the Sewerage and Water Board of New Orleans working as an Equipment Operator I. On August 18, 1987 he received a one-day suspension for poor attendance. He was subsequently reprimanded twice for poor attendance. Then, in March of 1988, he was suspended without pay for three days for an unsatisfactory attendance record. Neustadter appealed the three-day suspension to the Civil Service Commission. On review of this matter the Commission found that "the Board's policy of automatic suspension as it relates to the instant matter is too harsh. The Board is not a quasi-military operation, such as the Fire and Police Departments. The relationship between the compelling government interest and the severity of punishment is unclear in the instant case." The Commission reduced the three-day suspension to a one-day suspension and restored Mr. Neustadter pay and emoluments for two days. The Sewerage and Water Board appeals this decision.
The appropriate standard of appellate review of an action by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary or capricious. Newman v. Department of Fire, 425 So.2d 753 (La.1983); Abadie v. Department of Streets, 480 So.2d 425 (La.App. 4th Cir.1985), writ denied 481 So.2d 1351 (1986). Disciplinary action against a civil service employee is arbitrary and capricious unless conduct of the employee impairs the efficient and orderly operation of the public service. Newman v. Department of Fire, supra; Abadie v. Department of Street, supra. The appointing authority has the burden of proving the conduct did in fact impair the efficient and orderly operation of the public service. LSA-Const. Art. 10 Section 8(A); Rodriguez v. Board of Commissioners, Port of New Orleans, 344 So.2d 436 (La. App. 4th Cir.1977).
It is the appointing authority that is charged with the operation of the department. A necessary part of that duty is disciplining employees. While the appointing authority may not discipline without cause, it has a duty to do so, within the exercise of sound discretion, where sufficient cause exists. The Commission is not charged with such operation or such disciplining. The protection of civil service employees is only against firing or other discipline without cause. LSA-Const. Art. 10, Section 8(A); Joseph v. Department of Health, 389 So.2d 739 (La.App. 4th Cir. 1980); Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978), writ denied 365 So.2d 247 (La. 1978).
Mr. Neustadter's job included being at work promptly at 6:00 A.M. In evidence is a form signed by Mr. Neustadter on January 5, 1987 indicating that the attendance rules were explained to him and he understood them. The Board demonstrated that promptness is necessary to organize work crews and dispatch them in a timely manner. Mr. Neustadter's repeated late arrivals made him unavailable to prepare trucks for dispatch and, at times, unavailable *1291 to be dispatched. We find, therefore, that the appointing authority demonstrated by a preponderance of the evidence that the conduct of Mr. Neustadter did impair the efficient and orderly operation of the Sewerage and Water Board. Further, the disciplinary actions taken are reasonably designed to discourage tardiness and poor attendance, thereby aiding in the efficient operation of the public service. The Commission erred in mitigating the Board's disciplinary actions and acted beyond the authority granted by Const. Art. 10, Section 8(A).
For the foregoing reasons, the ruling of the Civil Service Commission is reversed and the disciplinary action taken by the Board is reinstated.
REVERSED.