ARMSTRONG, Judge.
Defendant, the Sewerage and Water Board of New Orleans (S & WB), appeals a decision by the New Orleans Civil Service Commission (the Commission) in favor of plaintiff, Jerome Alford. We affirm the Commission’s finding.
Plaintiff is employed by the S & WB as a Utility Maintenance Supervisor I. In November, 1988, he was allegedly discovered by his acting supervisor, Alvin Everidge, sleeping in a S & WB truck. Plaintiff was subsequently suspended for a period of one day for this alleged infraction. At the Commission hearing Everidge testified that on the day in question he drove up to the work site and inquired of two laborers as to plaintiff’s whereabouts. He was directed to a S & WB truck where he found plaintiff and another employee, Arnold Jones, each lying on a seat asleep. Ever-idge testified he was “positive” plaintiff and Jones were asleep.
Plaintiff testified that when Everidge walked up to the truck he was not sleeping but was repairing a broken spring on one of the doors of the truck. He said Jones was engaged in some work activity when he came back to the truck to get a rake. Plaintiff asked Jones to hold the door for him while he fixed the spring. At about this time Everidge walked up. Plaintiff admitted that he previously had been told by his superiors not to sit inside of the truck while his men were outside working, but felt compelled to attempt to fix the door in order to avoid having to put it in the “shop.”
Plaintiff called Jones as a witness. Jones testified that he had been pulling debris out of a drainage canal but had walked back to the truck to retrieve a rake. Plaintiff, who was Jones supervisor, asked him to give him a hand with the broken door. At about that time Everidge appeared and plaintiff told Jones to go ahead and bring the rake to the two other laborers who were standing near the canal. Jones said that at no time did he see plaintiff sleeping. One of the other laborers testified, in contradiction to the testimony of Everidge, that Everidge did not ask him where plaintiff was. On rebuttal, Everidge testified that plaintiff was not repairing the door of the truck when he found him.
The Civil Service Commission found that the testimony of plaintiff, although self-serving, was candid and was corroborated by the equally candid testimony of Jones. It further found that the uncorroborated testimony of Everidge was less convincing than that of plaintiff and Jones. Accordingly, it found that the S & WB failed to carry its burden of proving by a preponderance of the evidence that plaintiff’s suspension was warranted. The Commission ordered that plaintiff be restored all pay and emoluments lost as a result of the unwarranted suspension.
On appeal the S & WB claims that the testimony of plaintiff and Jones was contradictory and lacked credibility. On review of a Civil Service Commission decision an appellate court may not disturb the ruling of the Commission unless it was arbitrary, capricious, or manifestly wrong. Abadie v. Department of Streets, 480 So.2d 425 (La.App. 4th Cir.1985), writ denied, 481 So.2d 1351 (La.1986); McGee v. *1169 Sewerage and Water Board of New Orleans, 396 So.2d 430 (La.App. 4th Cir.1981).
The S & WB assails the credibility of plaintiff and Jones. It points to several areas where their testimony was allegedly contradictory. It says that plaintiff stated that he was repairing a cable on the door while Jones stated that plaintiff was fixing the lock on the door. In his testimony plaintiff refers to a door spring that “is like a cable wire.” It was plaintiff who was fixing the problem with the door, not Jones. A reference by Jones to plaintiffs having been fixing a “lock” on the door does not affect the substance of their testi.mony — that plaintiff was not asleep but was repairing the door of the truck — nor does such a mistake by Jones fatally affect their credibility.
Counsel for the S & WB mistakenly quotes plaintiff as saying at one point in his testimony that he was in the truck at the time of this incident because it was cold and drizzling outside, which of course contradicts his other testimony that he was repairing the door. When plaintiff made the statement about being inside the truck because of the cold and rain he was clearly referring to an earlier incident related at the hearing by another S & WB supervisor. Counsel for the S & WB had just asked plaintiff a question concerning this earlier incident and plaintiff was offering an explanation for his being inside of a truck on that occasion. Counsel for the S & WB mistakenly cites another supposedly contradictory statement made by plaintiff which is in the same paragraph of transcript testimony as the previous one, but again, which is in fact not at all contradictory, but merely a reference to the earlier incident.
Counsel for the S & WB next states that "Jones also testified that Mr. Alford was not lying down on the truck which further conflicts with Mr. Alford’s testimony.” The hearing transcript reflects that in response to the question by plaintiff — who represented himself at the hearing — “Was I lying down?,” Jones replied “No.” Nowhere in the transcript does plaintiff state that he was lying down in (or on) the truck. We are unable to discern any contradiction here.
We find no merit to any of the S & WB’s arguments. The Commission was faced with accepting the testimony of plaintiff and Jones or that of Everidge. It accepted the former and we are unable to say that the Commission’s decision was arbitrary, capricious, or manifestly wrong.
For the foregoing reasons, we affirm the decision of the Civil Service Commission. Costs of this appeal are assessed against the defendant/appellant, the New Orleans Sewerage and Water Board.
AFFIRMED.