JiSCHOTT, Chief Judge.
This is an appeal by the Parkway and Park Commission of the City of New Orleans (Parkway) from a decision of the Civil Service Commission of the City of New Orleans (Commission). The appellee is Henry Essex whose employment in the civil service was terminated by Parkway. He appealed to the Commission, Parkway filed an exception of no cause of action on the ground that appel-lee had never become a permanent employee, and the Commission overruled the exception. After a hearing on the merits the Commission set aside the termination and imposed a ninety day suspension and a requirement that appellee attend and successfully complete a substance abuse treatment program as a condition to reinstatement following the suspension. Parkway has appealed from this decision.
Parkway first argues that appellee had no standing to appeal to the Commission because he was not a permanent employee. He was appointed to a probationary position as a laborer on February 3, 1992. On July 28, 1992, a drug screening test was administered to appellee and on September 2 he was notified that the test was positive for cocaine. He was discharged from the service effective on September 2, 1992.
IgThe Commission’s rules provide for probationary employment for six months before an employee gains permanent status as a civil servant. Rule VII § 1.3 provides for an extension of probationary employment provided written notice is given by the appointing authority to the employee at least ten days prior to the expiration of the probationary period. Rule VII § 1.4 provided at that time that the failure of the appointing authority to give such notice of extension would result in the employee’s becoming a permanent employee upon expiration of the probationary period. No notice was given appellee extending his probationary employment.
In 1990 the City adopted an employee drug testing program which was incorporated into the Commission’s rules. Rule V § 9.5 provides in effect that a probationary employee who fails to pass the drug screening procedure shall be considered as having failed to successfully complete the probationary period. Parkway argues that appellee failed to pass the test on July 28, five days before his probationary employment expired, so that he was precluded from permanent employment. Appellee was not given the results of the test until thirty-four days after the test was given and over thirty days after his six month probationary employment expired.
Parkway’s interpretation would lead to the conclusion that the drug testing rule nullifies the ten day rule by making the ten day notice unnecessary if a test is given to the employee prior to the expiration of the probationary period and he is found to have failed the test after the probationary period is over. The better rule of interpretation of rules which are in apparent conflict is to reconcile and harmonize them by fair and reasonable construction. LSA-C.C. art. 13. Applying this rule of interpretation to the two rules in question we conclude that it was *216 incumbent upon Parkway either to complete the testing, including results, prior to the expiration of the probationary period of ^employment or to exercise the simple expedient of extending the probationary period by giving written notice to the employee at least ten day prior to the expiration of the probationary period. This avoids the unsatisfactory result which came about in this case of the employee being notified long after the probationary period ran that he failed to pass a test given a few days before the expiration of the probationary period. Consequently, the Commission correctly overruled Parkway’s exception.
Turning to the merits we have concluded that the Commission properly vacated appellee’s discharge. Both officials of Parkway testified that they had no alternative but to terminate appellee’s employment once the results of the test were known because the Commission’s rules and the city’s substance abuse policy mandated termination under these circumstances. These witnesses were in error, because Commission Rules 9.15 and 9.16 specifically authorize the appointing authority to take action other than termination based upon a number of factors to be considered by the appointing authority. Termination is discretionary not mandatory. The Commission found that Parkway’s officials failed to apply Rule 9.15. Thus, we find no error in the Commission’s decision.
The decision of the Civil Service Commission of the City of New Orleans is affirmed.

AFFIRMED.