675 So.2d 810 (1996)
Eric MONTEGUE
v.
CITY OF NEW ORLEANS FIRE DEPARTMENT.
No. 95-CA-2166.
Court of Appeal of Louisiana, Fourth Circuit.
May 29, 1996.
*811 Gilbert R. Buras, Jr., New Orleans, for Plaintiff/Appellant.
Marvin E. Robinson, Assistant City Attorney, Annabell H. Walker, Deputy City Attorney, Avis Marie Russell, City Attorney, New Orleans, for Defendant/Appellee.
Before KLEES, JONES and LANDRIEU, JJ.
JONES, Judge.
This is an appeal by a former firefighter from his dismissal from the New Orleans Fire Department for the sole reason that he failed a random drug screening procedure by testing positive for the presence of cocaine and marijuana metabolites in his urine.
At the initial hearing of the appellant's termination, the parties stipulated to the basic facts and circumstances surrounding the appellant's termination. More specifically, the parties entered the following stipulations into the record:
Stipulation number one[T]he appellant was using marijuana and cocaine at the time he was tested, and that is the reason he tested positive.
Stipulation number two[T]he appellant received notice of the charges and had the opportunity to respond to charges during the Internal Affairs investigation.
Stipulation number three[S]ubsequent to receiving and having notice of the hearing, the Appellant was terminated and received a termination letter informing him that he was terminated.
Stipulation number four[T]he appellant was terminated pursuant to CAO Policy No. 89 regarding substance abuse.[1]
Following the various stipulations, the City rested and the appellant took the stand and testified on his own behalf. Appellant admitted that he had been using drugs since he was a teenager. However, he stated no disciplinary actions had ever been taken against him prior to the instant one.
Appellant further testified that when he was interviewed by the Internal Affairs Division of the Fire Department he was only questioned about the effects of using the drugs. He was not questioned about his job performance, promptness on the job or quality of his work. He was not offered the opportunity to undergo drug rehabilitation by his employer. However, he testified that he had undergone rehabilitation on his own. On cross examination, appellant testified that he never sought any rehabilitation prior to being caught because he did not think it was necessary since he had never used drugs on the job and his usage did not affect his job performance.
*812 The appellant argued that the policy which called for immediate termination for any employee who tested positive for drug usage, regardless of any mitigating factors, was an invalid attempt to supersede Rule V, Section 9.15 of the Civil Service Rules which mandated that the appointing authority take disciplinary action after giving deference and consideration to eleven different factors. Appellant argued that neither the disciplinary letter nor the pretermination notice made reference to the factors stated in the Civil Service Rules. Appellant argued that since the policy did not address the eleven factors enumerated in Section 9.15, the policy providing for termination was in violation of law, and the disciplinary action taken against him was thus annullable.
The Appointing Authority argued the policy and Civil Service Rules did not conflict, but could be read together and interpreted to coexist with each other. The Appointing Authority maintained that the policy was put into effect with a seal of approval by the Civil Service Commission and was simply a more specific guideline for the Appointing Authority to follow. The Appointing Authority also emphasized the fact that the policy existed for the benefit of the City to provide for a drug-free work force and stressed that the firefighter position was a safety sensitive position, a position which required one to save the lives of others. The Appointing Authority argued that even if Civil Service Rules had been explicitly addressed during the pretermination hearings, the results would have been the same.
After reviewing the transcript of the appellant's hearing, along with all the documentary evidence, the Commission entered an order remanding the plaintiff's case for further hearing on the sole issue of the nature of the Appointing Authority's application of the elements of Rule V, Section 9.15 to the disciplinary action.
On remand the appellant made a continuing objection to the City being given a second chance at carrying the burden of proving its case. The Hearing officer overruled the objection and proceeded with the hearing.
The Appointing Authority called Mr. Darryl J. Delatte, the Deputy Chief for Administration for the Fire Department as a witness. Mr. Delatte testified that he was the hearing officer for the appointing authority at the appellant's pretermination hearing, and was the person who made the recommendation to the chief as to the action to be taken. Mr. Delatte testified that in all disciplinary hearings the Appointing Authority considered the factors of the case and also any rules or procedures that may impact on a particular case. In the appellant's case, a case that involves substance abuse, the safety-sensitive nature of the job takes precedence over all other factors.
When asked on cross examination what weight was accorded the safety-sensitive nature of the position relative to the other factors, he replied, "[i]n our particular case and governed by CAO policy and the safety-sensitive nature of our particular job, this holds almost all the weight." He stated that consideration had been given to all factors: time on the job, past records, so on and so forth. However, Mr. Delatte reiterated that in this particular case dealing with substance abuse, the safety-sensitive nature of the position takes precedent.
On appeal the Commission reviewed the transcripts of the hearings and affirmed the appellant's dismissal.

DISCUSSION AND LAW
In his first assignment of error, appellant argues that the Commission was arbitrary and capricious in failing to reinstate him to his position as a firefighter because no evidence was adduced demonstrating that, measured against the criteria established by Civil Service Rule V, Section 9.15, appellant's actions impaired the orderly and efficient operations of the classified service.
The commission has a duty to decide independently from the facts whether the appointing authority had good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Cittadino v. Department of Police, 558 So.2d 1311 at 1314-1315 (La. 4th Cir.1990); Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984).
*813 Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino, supra, at 1315 citing, Fisher v. Department of Health and Human Resources, Office of Human Development, 517 So.2d 318 (La.App. 1st Cir.1987). The appointing authority has the burden of proving the impairment. Cittadino, id. citing La. Const. Art. X, Sec. 8(A) and Neustadter v. Sewerage and Water Board of New Orleans, 544 So.2d 1289 (La.App. 4th Cir.1989).
In reviewing the commission's findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious or characterized by abuse of discretion. Cittadino, id, citing Lombas v. Department of Police, 467 So.2d 1273, 1275 (1985), quoting Walters v. Department of Police of the City of New Orleans, 454 So.2d at 114.
While it is true that the appellant's termination letter specifically stated that appellant was being terminated in accordance with a specific policy which allegedly calls for termination in substance abuse case, the record contains sufficient evidence to support a finding that the Commission was not arbitrary or capricious in finding that the Appointing Authority had met its burden of proving that the plaintiff's actions impaired the efficiency of the service.
The fact that the appellant tested positive for drugs in his system was not contested at the hearing. Rather, appellant basically argued that drug usage did not affect his performance on the job, he did not engage in drug usage at work, and he had since undergone successful rehabilitation. Additionally, he had not been the subject of any disciplinary action for the last ten years of service. Notwithstanding the equitable plea of the appellant, the Appointing Authority maintained that because the position held by the appellant was a safety sensitive position, termination was warranted.
In its initial decision remanding the case for further hearing and in its final decision dismissing the appellant's appeal, the commission made the following observations:
Any use of marijuana or cocaine is illegal and thus entirely inappropriate for a public employee. Furthermore, these are psychotropic drugs, containing brain-altering chemicals in various combinations and concentrations unknown, due to the absence of any known quality control system for the drugs. Argument that one does not consume the drug during the work day ignores the reality that residues accumulate in the body and may impair judgment and/or degrade response times to an unpredictable degree for some time after their consumption.
The threat of such impairment represents an unacceptable risk to Appellant's co-workers and the general public they all serve.
* * * * * *
Appellant has over twelve years service, with a clean disciplinary record. His argument that his drug use had never affected his work performance, is hardly compelling.
The commission went on to conclude:
In its deliberations, the Commission finds that the Appointing Authority did address the letter of its rule on substance abuse handling and concluded that, giving all due consideration to Appellant's work history, termination was the appropriate penalty. Given the safety-sensitive nature of Appellant's position, and the record of the appeal, the Commission is unwilling to disturb that finding. The appeal is DISMISSED.
We find no error in the Commission's ruling. In our opinion, the mere presence of illegal drugs such as marijuana and cocaine in a firefighter's body is sufficient to warrant dismissal. The argument that the appellant did not engage in drug use on the job is specious as drugs of this type remain in the body for a considerable length of time and impairs judgment. Further, since it may not readily be apparent to co-workers that an *814 individual's judgment is impaired because of the usage of illegal drugs, the public and the appellant's co-workers may be unwittingly exposed to more danger. Appellant's argument that drug use did not impair his performance on the job is equally specious. Assessment of impairment on the job, absent some gross mistake made while engaged in fire fighting, is difficult to ascertain. It would not be prudent to require the Appointing Authority to adopt a "wait and see" attitude concerning the effects of impairments caused by drugs prior to terminating a fire fighter. Nor would it be prudent to require the appointing authority to risk potential liability in the event of a catastrophe for knowingly keeping a person known to use illegal drugs on the payroll. There are strong public policy reasons for upholding the termination of fire fighters who fail random drug tests.
Moreover, appellant's assertion that the Appointing Authority clearly did not consider the factors specified in Rule 9.15 because only the policy was cited in the termination letter has no merit. We find nothing in Rule 9.15 which requires that the Appointing Authority cite or demonstrate to the appellant that the provisions of the rule have been complied with in a termination letter. Rule 9.15 merely provides, in relevant part, that upon receipt of written confirmation from the laboratory of a positive test result and validation from the medical review officer, the Director must inform the employee and the Appointing Authority and the Appointing Authority must take action as in its discretion is deemed appropriate, after giving deference and consideration to such factors as:
(a) The nature of the position occupied by the employee, (i.e., sensitive per se, sensitive, or non-sensitive).
(b) The basis for which the substance abuse screening procedure was administered, (i.e., working test period, Category I, II, III, IV, V testing).
(c) The employee's fitness for duty.
(d) The nature and quality of the employee's performance on the job.
(e) The employee's length of service with the City.
(f) The severity of the employee's substance abuse problem.
(g) The employee's acknowledgment of the substance abuse problem and willingness to seek assistance.
(h) The existence of previous attempts at rehabilitation and their results.
(i) The prospect of reasonable refusal by co-workers to work with the employee if the individual were allowed to remain in the City's employ.
(j) The prospect of the employee being unable to effectively perform the job as a viable member of the organization because of loss of credibility due to substance abuse problems.
(k) Other relevant fact or information that the appointing authority may obtain which have a bearing on continuing the individual's employment with the City.
In Essex v. Parkway and Park Com'n., 94-0357, (La.App. 4 Cir. 9/15/94) 643 So.2d 214 this court affirmed a decision of the Commission vacating a decision of the Appointing Authority wherein an employee of the Parkway and Park Commission who had failed a drug test by testing positive for cocaine was terminated. In affirming the Commission, this court stated:
Turning to the merits we have concluded that the Commission properly vacated appellee's discharge. Both officials of Parkway testified that they had no alternative but to terminate appellee's employment once the results of the test were known because the Commission's rules and the city's substance abuse policy mandated termination under these circumstances. These witnesses were in error, because Commission Rules 9.15 and 9.16 specifically authorize the appointing authority to take action other than termination based upon a number of factors to be considered by the appointing authority. Termination is discretionary not mandatory. The Commission found that Parkway's officials failed to apply Rule 9.15. Thus, we find no error in the Commission's decision. (emphasis added)
Id. at 216.
While it is true that disciplinary action less severe than dismissal is permitted in *815 substance abuse cases, it is equally true that the Appointing Authority has the discretion to determine whether termination or some lesser disciplinary action is required in a particular case. Rule 9.15 specifically allows the Appointing Authority to consider the separate needs of a sensitive position as opposed to a non-sensitive position.
Given the sensitive nature of firefighter's jobs, we cannot say that the Appointing Authority acted inappropriately in concluding that a firefighter who tests positive for having marijuana and cocaine metabolite, both illegal drugs in his body during working hours must be terminated. In reaching this conclusion we are mindful of Riggins v. Department of Sanitation, 617 So.2d 112 (La. App. 4th Cir.1993) wherein this court affirmed a decision of the New Orleans Civil Service Commission which had overturned the Department of Sanitation's dismissal of the plaintiff. The sole issue in that appeal was whether the Department was required to provide Riggins with advance notice of his pre-termination hearing.
The employee in Riggins had 17 years of service with the Department of Sanitation and was classified as a Laborer Waste Collector when he was ordered to submit to a substance abuse test and tested positive for cocaine. After being called to the director's office to explain the results, plaintiff was notified that he was being dismissed. In Riggins there was no evidence that plaintiff was told he was facing dismissal. The Court stated that Rule V, Sect 9 of the New Orleans Civil Service Commission "contemplates much more than automatic dismissal;" thus a mere recital of the drug policy would not, in itself, have put the plaintiff on notice that he was facing dismissal.
This court found the employee was entitled to advance notice of the charges against him prior to his pretermination hearing and that for that reason, the decision of the Civil Service Commission overturning the plaintiff's dismissal from the Department of Sanitation was affirmed. However, in the instant case, the employee was given advance notice of the charges prior to his pretermination hearing. Further, unlike the employee in Riggins, the appellant was employed in a safety sensitive position.
The need for a stricter rule in cases involving employees holding safety sensitive positions was highlighted in Ravencraft v. Department of Public Safety and Corrections, 608 So.2d 1051 (La.App. 1st Cir.1992) wherein the court upheld the termination of an employee who was employed by the Department of Public Safety and Corrections, Dixon Correctional Institute as a Corrections Sergeant. While on duty, a strong odor of alcohol was detected on the employee's breath. As a result, he was terminated from his position. He appealed the termination, and a hearing referee reduced the penalty imposed upon the employee from termination of employment to a five-day suspension. However, the Commission reversed the decision of the hearing referee and reinstated the employee's termination. On appeal, the employee argued that the Commission had abused its discretion when it reversed the decision of the hearing referee. However, the court found that conduct of a correctional officer who had close contact with inmates and had odor of alcohol on his breath while on duty warranted termination of his employment.
In his findings of fact, the referee recognized the sensitive nature of the employee's job and concluded that it was unacceptable for a corrections officer to smell of alcohol while coming into contact with inmates. He also noted that such conduct may diminish respect for the officer as well as possibly encourage inmates to engage in misconduct if they believed the officer was not alert. Thus the referee concluded that reporting for duty in a correctional institution with the odor of alcohol on one's person constituted cause for disciplinary action. The referee nevertheless concluded that the penalty imposed was too severe.
In reviewing the policy behind the rule prohibiting an employee from being on duty when the odor or effects of alcohol are noticeable, the court took notice of the fact that the Appointing Authority had conceded that the employee showed no effects of alcohol consumption other than the odor on his breath. Notwithstanding this concession, the *816 Warden testified that the purpose of the rule was twofold. The main reason for the rule was that the odor of alcohol on a correctional officer increased the potential for violent acts by prisoners and a secondary reason was the possibility of a lawsuit arising from violence attributable to the consumption of alcohol by officers. The court noted that the only penalty for violation of the rule was termination. After reviewing the testimony concerning the employee appearing with the odor of alcohol on his breath and considering the reasons for the rule prohibiting such conduct, the Court concluded that the Commission's decision to reverse the decision of the referee and to reinstate the employee's termination from employment for cause was not arbitrary, capricious, or an abuse of discretion. In doing so, the court rejected appellant's argument that the appointing authority had not proven that his conduct impaired the efficiency of the public service.
Additionally, appellant's argument that the Commission ignore the mandate of Essex is rejected. In the case sub judice, we find nothing in the record to support a finding that the Civil Service Commission ignored the mandate of Essex. Indeed, in dismissing the appellant's appeal the Commission specifically declined to dismiss the appellant's appeal based on the City's Policy. After summarizing Deputy Delatte's testimony, the Commission concluded by stating:
... He [Deputy Delatte] further cited CAO Policy Memo Number 89 which mandates termination as the sole appropriate penalty for substance abuse; (however this particular argument fails, since no policy statement may in itself overrule Civil Service Law).
In its deliberations, the Commission finds that the Appointing Authority did address the letter of its rule on substance abuse handling and concluded that, giving all due consideration to Appellant's work history, termination was the appropriate penalty. Given the safety-sensitive nature of Appellant's position, and the record of the appeal, the Commission is unwilling to disturb that finding. The appeal is DISMISSED."
However, the Commission reiterates that provisions of Rule V, Section 9.15 have legal force and must be addressed in every case involving penalties for drug or alcohol abuse. The Commission will not be bound in its deliberations by any local rule or policy which it has not approved.
This assignment of error has no merit.
Appellant also argues the Commission erred in remanding this matter for a second hearing to take evidence on the Rule V, section 9.15 factors considered in disciplining the appellant because those factors were not made part of the disciplinary letter. In this assignment of error appellant argues that the appointing authority was not entitled to a second opportunity to prove its case. Appellant argues that since the appointing authority failed to present evidence that the eleven factors had been considered in the first hearing, judgment should have been entered for the appellant.
This assignment of error has no merit. This is not a case of the Appointing Authority neglecting to prove the essential elements of the offense constituting the basis for dismissal. Rather, it is a case of the Appointing Authority neglecting to articulate legal reasons to show it considered its own rule. On remand, Darryl J. Delatte, Deputy Chief for Administration for the Fire Department, testified concerning the thinking of the Appointing Authority on cases involving drug usage. His testimony, along with the other evidence supports a finding that the commission did not err in dismissing the plaintiff's appeal.
The situation here, wherein the commission remanded the case for a finding on one issue is akin to the situation wherein an appellate court remands a case to the trial court to demonstrate that it utilized the correct legal standards in reaching a particular conclusion. This assignment of error has no merit.
In his final assignment of error appellant argues the commission erred in failing to enter judgment for the appellant because of the commission's failure to render decisions within the delays provided for by its rules.
In this assignment of error appellant relies upon Bannister v. Department of Streets, 94-0604, *817 (La.App. 4 Cir. 11/30/94), 647 So.2d 382, wherein this court ruled that the provisions of Civil Service Rule II, Section 4.16 were mandatory. That rule required the Commission to render a decision on an appeal within 90 calendar days of receipt of the Hearing Officer's Report and transcript of the testimony. Since the commission failed to comply with the rule and failed to articulate any rationale for the delay in deciding the appellant's appeal, this court reversed a decision upholding the employee's termination. However, in Bannister v. Department of Streets, 95-0404 (La. 1/16/96), 666 So.2d 641, the Louisiana Supreme Court reversed the decision previously rendered by this court and ruled that the commission's failure to follow its rule requiring appeals to be decided within 90 days did not mandate that its decision be reversed. Consequently, this assignment of error has no merit.
The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] However, a copy of Policy No. 89 was not introduced into evidence at the hearing.