hKLEES, Chief Judge.
Defendant/Appellant, the Department of Utilities, appeals a City Civil Service Commission (Commission) decision reversing Plaintiff/Appellee, Jesse Bridges’ (Mr. Bridges), thirty day suspension. The Commission also ordered that Bridges be restored all pay and other benefits lost during that period. We affirm.

FACTS AND PROCEDURAL HISTORY

Mr. Bridges is a Taxicab Bureau Administrator with the Department of Utilities. In April of 1997, Mr. Bridges reviewed Thomas Schlumbrecht’s (Mr. Schlum-brecht) application for a taxicab license. Mr. Schlumbrecht’s application stated that he had been convicted of the crime of sexual battery within the previous five years. However, Mr. Schlumbrecht attached to his application a copy of a pardon he received after successfully serving the mandated time imposed by the trial judge for his sexual battery conviction.
The parties are in dispute on what happened during the processing of the application, but the result ended in Mr. Schlum-brecht receiving a city taxicab license. Mr. Bridges denies the issuance of such a license, explaining during the Commission hearings that before Mr. Schlumbrecht’s application could have been approved, he was to obtain a criminal records check from the Jefferson Parish police department. Mr. Bridges testified that, based on his experience of handling convicted felons with pardons, the Hearing Officer would accept the applications and allow the issuance of taxicab licenses, even if the proper procedures supplied by the Department of Utilities were followed.[1] During the week Mr. Schlumbrecht applied with the Department of Utilities for a taxicab permit, the assigned Hearing ^Officer, Mr. Cl; rence Roby, was not on duty, apparently due to nonpayment by the city for past due wages. Mr. Bridges, however, contests that he did speak with Mr. Roby for advice and also attempted to make contact with his on-duty supervisor, Ms. Lillian Zayas. The Department of Utilities disputes both of these contacts.
The Department of Utilities claims that the result speaks for itself. Mr. Schlum-brecht was issued a permit and according to provisions of the New Orleans Municipal Code, such issuance should not have happened, based on both the seriousness of this felony conviction and the recent occurrence of this offense. As a consequence of this issuance, the Department of Utilities suspended Mr. Bridges for thirty days claiming that he “knowingly and unlawfully” issued a permit to a convicted felon and did not follow the correct implemented procedure.
On October 20, 1997, Mr. Bridges appealed this suspension to the Civil Service Commission. On December 2, 1999, after several hearings, the Commission reversed Mr. Bridges thirty day suspension and ordered that he be restored all pay and other benefits lost during that period. The Department of Utilities now appeals this final judgment.

STANDARD OF REVIEW

In civil service disciplinary cases, an appellate court is presented with a two-pronged review function: in deciding whether to affirm the Commission’s factual findings, we must apply the clearly wrong or manifest error rule prescribed generally *858 for appellate review; further, in evaluating the Commission’s determination as to whether the disciplinary action is based on legal cause and commensurate with the infraction, the court should not reverse or modify a Commission order unless it is arbitrary, capricious, or characterized by an abuse of discretion. Paul v. New Orleans Police Dept., 96-1441 (La.App. 4 Cir. 1/15/97), 687 So.2d 589, 592 writ denied by 97-0364 (La.4/18/97), 692 So.2d 447 citing Bannister v. Department of Streets, 95-0404. p. 8 (La.1/16/96), 666 So.2d 641, 647.

DISCUSSION

The Department of Utilities’ only assignment of error alleges that the Commission erred in reversing the thirty day suspension imposed upon Mr. Bridges for issuing a taxicab license to a convicted felon.
The pertinent city ordinances involved in this case are Section 162-241 and 162-242 of the New Orleans Municipal Code. The relevant portion of Section 162-241 reads as follows:
Applicants for a driver’s permit or CPNC shall never have been convicted anywhere under the laws of this state or any other state or of the United States of the offense or offenses equivalent thereto of homicide, aggravated rape, aggravated battery, simple rape, aggravated kidnapping, aggravated burglary, armed robbery, attempted aggravated battery, attempted aggravated rape, attempted aggravated robbery, aggravated assault, or sale of narcotics.
Likewise, the relevant portions of Section 162-242 reads as follows:
Applicants for a driver’s permit or CPNC shall not have been convicted of any felony other than those listed in section 162-241, or pandering, prostitution, soliciting for prostitution or illegal possession or use of narcotics within five years of the date of filing an application; nor shall the applicant have served any part of a sentence therefor within five years before the date of filing such application.
In this case, Mr. Bridges, as Administrator of the Taxicab Bureau, was aware of the existence of the above city ordinances and their clear relevancy to any application that presented a specifically listed felony conviction (“or the equivalent thereto”). These procedures are clearly applicable to Mr. Schlumbrecht’s application, however, what makes this matter interesting is the fact that the approved application form that Mr. Bridges allegedly certified does not contain his | ¿signature. During the Commission proceeding, Mr. Bridges was asked by his attorney if all taxicab applications provide a signature line authorizing the issuance of a permit. When questioned about the contents of a taxicab permit application, Mr. Bridges testified as follows:
A: Yes, There is a signature on the application, yes.
Q: Did you ever sign?
A: Not to my knowledge.
Whether or not Mr. Jesse Bridges signed the pertinent application form resulting in the issuance of a city taxicab permit is the crux of the Department of Utilities’ argument. This thirty day suspension was carried forth by the Department of Utilities solely based on the alleged “knowing and unlawful” issuance of a for-hire permit to a convicted felon. At no time during the Commission hearings did the Department of Utilities produce a taxicab application containing Mr. Bridges signature. We agree with the Department of Utilities that New (Means Municipal Code Sections 162-241 and 162-242 are clearly applicable, along with Mr. Schlumbrecht’s ability to appeal a denial of his application with the Department of Utilities pursuit to Section 162-242(b) of the same code. However, whether or not Mr. Bridges properly complied with these applicable city ordinances proves not relevant in this case. This sanction was imposed based on this “knowing” requirement which can not be established without *859 some sort of authorization clearly showing that Mr. Bridges was aware of his actions. The appointing authority has the burden of proving by a preponderance of the evidence the occurrence of the complained of activity and that this same conduct impaired the efficiency of the public service. Montegue v. City of New Orleans Fire Dept., 95-2166 (La.App. 4 Cir. 5/29/96), 675 So.2d 810 writ denied by 96-1707 (La.10/4/96), 679 So.2d 1389 citing Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4 Cir.1990). This burden of proof was not met by the Department of Utilities and hence, this suspension can not stand. No sanction, i.e. a thirty-day suspension from work without pay, can be affirmed if the evidence does not exist proving such a “knowing and unlawful” violation occurred. The Commission based their reversal of Mr. Bridges suspension on this lack of proof. They concluded:
It is not clear in the record how Mr. Schlumbrecht got his permit. The record reflects that Appellant never actually approved Mr. Sehlumbrecht’s application. Appellant’s signature is not on the application and Appellant testified that he told Mr. Schlumbrecht that the application would not be approved until Mr. Schlumbrecht provided a back ground check from Jefferson Parish, which he never did.”
For the above stated reasons, we affirm the Commission’s reversal of the thirty day suspension and further affirm the restoration of all back pay and emoluments to Mr. Bridges.

AFFIRMED.

. A Hearing Officer is an appointed attorney who works for the Department of Utilities and must, according to city ordinance, be consulted when a convicted felon of a certain codified offense applies with the city for a taxicab permit.